People v Lavelle (2018 NY Slip Op 08378)





People v Lavelle


2018 NY Slip Op 08378


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

109071

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL LAVELLE JR., Appellant.

Calendar Date: October 26, 2018

Before: Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypnewski, J.), rendered November 2, 2016, convicting defendant upon his plea of guilty of the crime of attempted dissemination of indecent material to a minor in the first degree.
Defendant pleaded guilty to attempted dissemination of indecent material to a minor in the first degree and waived his right to appeal. He was sentenced, in accordance with the terms of the plea agreement, to a prison term of 1½ years followed by 10 years of postrelease supervision. Defendant appeals.
Defendant contends that he was illegally sentenced as a felony sex offender. The People concede, and our review of the record confirms, that defendant's contention is correct. Although a conviction of attempted dissemination of indecent material to a minor in the first degree (see Penal Law §§ 110.00, 235.22) can be considered a felony sex offense subject to sentencing in accordance with Penal Law § 70.80, the accusatory instrument must specify that the offense is charged "as a sexually motivated felony" (CPL 200.50 [4]; see Penal Law § 130.91 [2]). Here, the accusatory instrument did not contain the requisite language, nor did it make any reference to Penal Law § 130.91. As such, defendant was not subject to the sentencing provisions of Penal Law § 130.91, rendering the imposed sentence illegal. Accordingly, the sentence must be vacated and the matter remitted to County Court for resentencing.
Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Schenectady County for resentencing; and, as so modified, affirmed.